**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALSON C. ALSTON | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| V. | ) | CASE NO.: 2:26-CV-2634 |
| | ) | |
| MONTGOMERY COUNTY OFFICE | ) | |
| OF THE DISTRICT ATTORNEY; | ) | |
| KEVIN R. STEELE, IN HIS OFFICIAL | ) | |
| CAPACITY AS MONTGOMERY COUNTY | ) | |
| DISTRICT ATTORNEY | ) | |
| EDWARD F. MCCANN, JR., IN HIS OFFICIAL | ) | |
| CAPACITY AS FIRST ASSISTANT | ) | |
| MONTGOMERY COUNTY DISTRICT | ) | |
| ATTORNEY AND IN HIS INDIVIDUAL | ) | |
| CAPACITY; | ) | |
| COUNTY OF CHESTER, PENNSYLVANIA; | ) | |
| DEBORAH S. RYAN, IN HER FORMER | ) | |
| OFFICIAL CAPACITY AS CHESTER | ) | |
| COUNTY DISTRICT ATTORNEY AND IN | ) | |
| HER INDIVIDUAL CAPACITY; | ) | |
| CHRISTOPHER DE BARRENA-SAROBE, IN | ) | |
| HIS OFFICIAL CAPACITY AS CHESTER | ) | |
| COUNTY DISTRICT ATTORNEY | ) | |
| DAVID M. SASSA, IN HIS OFFICIAL | ) | |
| CAPACITY AS CHESTER COUNTY CHIEF | ) | |
| OF DETECTIVES AND IN HIS | ) | |
| INDIVIDUAL CAPACITY | ) | |
| | ) | |
| **DEFENDANTS** | ) | |
| | ) | |

## O R D E R

AND NOW, this _____ day of _____, 2026, upon consideration of

the Motion of Defendants Montgomery County Office of the District Attorney, Kevin R. Steele

and Edward F. McCann, Jr., to Dismiss Plaintiff's Complaint in regard to all claims made against

them, and any response thereto by Plaintiff, it is hereby ORDERED and DECREED that said

Motion is GRANTED.  All Claims set forth in the Complaint against moving Defendants are

hereby DISMISSED WITH PREJUDICE.

BY THE COURT:

_____

U.S.D.J.

| | | |
|---|---|---|
| ALSON C. ALSTON | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| V. | ) | CASE NO.:  2:26-CV-2634 |
| | ) | |
| MONTGOMERY COUNTY OFFICE | ) | |
| OF THE DISTRICT ATTORNEY; | ) | |
| KEVIN R. STEELE, IN HIS OFFICIAL | ) | |
| CAPACITY AS MONTGOMERY COUNTY | ) | |
| DISTRICT ATTORNEY | ) | |
| EDWARD F. MCCANN, JR., IN HIS OFFICIAL | ) | |
| CAPACITY AS FIRST ASSISTANT | ) | |
| MONTGOMERY COUNTY DISTRICT | ) | |
| ATTORNEY AND IN HIS INDIVIDUAL | ) | |
| CAPACITY; | ) | |
| COUNTY OF CHESTER, PENNSYLVANIA; | ) | |
| DEBORAH S. RYAN, IN HER FORMER | ) | |
| OFFICIAL CAPACITY AS CHESTER | ) | |
| COUNTY DISTRICT ATTORNEY AND IN | ) | |
| HER INDIVIDUAL CAPACITY; | ) | |
| CHRISTOPHER DE BARRENA-SAROBE, IN | ) | |
| HIS OFFICIAL CAPACITY AS CHESTER | ) | |
| COUNTY DISTRICT ATTORNEY | ) | |
| DAVID M. SASSA, IN HIS OFFICIAL | ) | |
| CAPACITY AS CHESTER COUNTY CHIEF | ) | |
| OF DETECTIVES AND IN HIS | ) | |
| INDIVIDUAL CAPACITY | ) | |
| | ) | |
| **DEFENDANTS** | ) | |
| | ) | |

## MOTION OF DEFENDANTS MONTGOMERY COUNTY OFFICE OF THE DISTRICT ATTORNEY, KEVIN R. STEELE,AND EDWARD F. McCANN, JR., TO DISMISS PLAINTIFF'S COMPLAINT IN ALL REGARDS AS TO ALL CLAIMS MADE AGAINST THEM

Defendants Montgomery County Office of the District Attorney, Kevin R. Steele, and

Edward F. McCann, Jr., ("Montgomery County Defendants"), through their undersigned counsel,

hereby move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's Complaint with prejudice

as to all claims made against them.  In support of this motion, the Montgomery County Defendants incorporate herein by reference all arguments and authorities set forth in their accompanying memorandum of law.

Respectfully submitted,

MONTGOMERY COUNTY SOLICITOR'S OFFICE

*/s/ Jeffrey S. Stewart*
Jeffrey S. Stewart, Esquire
Philip W. Newcomer, Esq.
One Montgomery Plaza, Suite 800
P.O. Box 311
Norristown, PA  19404-0311
610-278-3033

Attorneys for Defendants,
Montgomery County Office of the District Attorney, Kevin R. Steele and Edward F. McCann, Jr.

Dated: July 10, 2026

# CERTIFICATE OF SERVICE

I, Jeffrey S. Stewart, Esq., hereby certify that the Defendants' Motion to Dismiss Plaintiffs' Complaint was served electronically on the 10th day of July 2026, via the Court's ECF System, upon the following counsel of record:

Alson C. Alston, Esquire
2836 W. Girard Ave.
Philadelphia, PA 19130
acalstonlaw@protonmail.com

*/s/ Jeffrey S. Stewart*
Jeffrey S. Stewart, Esquire

| | | |
|---|---|---|
| ALSON C. ALSTON | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| V. | ) | CASE NO.: 2:26-CV-2634 |
| | ) | |
| MONTGOMERY COUNTY OFFICE | ) | |
| OF THE DISTRICT ATTORNEY; | ) | |
| KEVIN R. STEELE, IN HIS OFFICIAL | ) | |
| CAPACITY AS MONTGOMERY COUNTY | ) | |
| DISTRICT ATTORNEY | ) | |
| EDWARD F. MCCANN, JR., IN HIS OFFICIAL | ) | |
| CAPACITY AS FIRST ASSISTANT | ) | |
| MONTGOMERY COUNTY DISTRICT | ) | |
| ATTORNEY AND IN HIS INDIVIDUAL | ) | |
| CAPACITY; | ) | |
| COUNTY OF CHESTER, PENNSYLVANIA; | ) | |
| DEBORAH S. RYAN, IN HER FORMER | ) | |
| OFFICIAL CAPACITY AS CHESTER | ) | |
| COUNTY DISTRICT ATTORNEY AND IN | ) | |
| HER INDIVIDUAL CAPACITY; | ) | |
| CHRISTOPHER DE BARRENA-SAROBE, IN | ) | |
| HIS OFFICIAL CAPACITY AS CHESTER | ) | |
| COUNTY DISTRICT ATTORNEY | ) | |
| DAVID M. SASSA, IN HIS OFFICIAL | ) | |
| CAPACITY AS CHESTER COUNTY CHIEF | ) | |
| OF DETECTIVES AND IN HIS | ) | |
| INDIVIDUAL CAPACITY | ) | |
| | ) | |
| DEFENDANTS | ) | |

**DEFENDANTS MONTGOMERY COUNTY OFFICE OF THE DISTRICT ATTORNEY,
KEVIN R. STEELE,AND EDWARD F. McCANN, JR., BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN ALL REGARDS AS TO ALL
CLAIMS MADE AGAINST THEM**

## I.     INTRODUCTION

Plaintiff Alson Alston ("Mr. Alston"), has brought a four-count lawsuit against

Montgomery County, Montgomery County District Attorney Kevin Steele ("DA Steele"),

Montgomery County First Assistant District Attorney Edward F. McCann Jr. ("ADA McCann") (together, the "Montgomery County Defendants"), Chester County, Former Chester County District Attorney Deborah S. Ryan ("DA Ryan"), current Chester County District Attorney Christopher de Barrena-Sarobe ("DA de Barenna Sarobe") and Chester County Chief Detective David M. Sassa ("Detective Sassa"), alleging race and age discrimination arising out of each county's decision not to hire Mr. Alston following separate job interviews.

With regard to the Montgomery County Defendants, the Complaint fails to plead sufficient facts that link the decision not to hire Mr. Alston to any of the legal protections he claims. Rather, the only allegations in the Complaint against the Montgomery County Defendants involve three benign and/or job-related questions in Mr. Alston's second interview for the position.

In short, the Complaint does not state any cognizable claims against the Montgomery County Defendants and must be dismissed against them.

## II.    FACTS[1]

Plaintiff, Alton Alston ("Mr. Alston"), applied for an Assistant District Attorney position with the Montgomery County District Attorney's Office in or around July 2023. (Par. 36). On July 27, 2023, Mr. Alston engaged in an in-person interview with the Montgomery County District Attorney's Office. (Par. 40).

On August 17, 2023, Mr. Alston had a second interview for the Assistant District Attorney position. (Par. 42). During this second interview, he was allegedly asked three questions that he claims were discriminatory. Specifically, he was asked, "When did you

---

[1] For purposes of this Motion, we will only deal with facts related to Mr. Alston's claims against Montgomery County, Mr. Steele and Mr. McCann.

graduate from law school." (Par. 43). He was also asked, "Did you pass the bar exam on your first attempt." (Par. 43). Finally, he was asked, "Where do you come from, where did you grow up?" (Par. 43).

Ultimately, Mr. Alston was not hired for the Assistant District Attorney position in Montgomery County.

### III.    <u>LEGAL STANDARD</u>

Under <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate if, accepting as true all of the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555-56 (citations omitted). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" <u>Id.</u> at 555. A plaintiff must have "nudged [his] claim across the line from conceivable to plausible, or [his] complaint must be dismissed." <u>Id.</u> at 570.

Under <u>Twombly</u>, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id</u>. (quoting <u>Twombly</u>, 550 U.S. at 557). To prevent dismissal, the complaint must set out "sufficient factual matter" to show that the claim is facially plausible. <u>Iqbal</u>, 556 U.S. at 678.

Analyzing <u>Twombly</u> and <u>Iqbal</u>, the Third Circuit has offered the following analysis of the

process to be undertaken in deciding a motion to dismiss:

> Therefore, after <u>Iqbal</u>, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. <u>Id</u>. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' <u>Id</u>. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts. See <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234-35. As the Supreme Court instructed in <u>Iqbal</u>, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' ' <u>Iqbal</u>, 129 S.Ct. at 1949. This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' <u>Id</u>.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009). Applying this standard,

Defendant's motion to dismiss Plaintiff's Complaint should be granted, and this action should be

dismissed with prejudice.

## IV. <u>ARGUMENT</u>

### A. <u>*Mr. Alston's Race Discrimination Claims Against the Montgomery County Defendants Must Be Dismissed Where the Only Allegations He Makes Are Two Innocuous Questions That Have Nothing to Do with Race*</u>

#### a. <u>Legal Standard</u>

In order to set forth a prima facie claim of race discrimination for a failure to hire, a

Plaintiff must show, "(1) he is a member of a protected class; (2) he was qualified for the

position sought; (3) he was rejected despite being qualified; and (4) under circumstances that

raise an inference of discriminatory action, the employer continued to seek out individuals with

qualifications similar to plaintiff's to fill the position." <u>Johnson v. Philadelphia Police Dep't</u>, No.

CV 14-1036, 2015 WL 12914147, at *2 (E.D. Pa. July 20, 2015), <u>aff'd,</u> 657 F. App'x 83 (3d Cir.

4

2016)(*quoting* <u>Waris v. Heartland Home Healthcare Svcs., Inc.</u>, 365 Fed. Appx. 402, 404 (3d Cir. 2010) (citing <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973)).

Mr. Alston has failed to allege sufficient facts to satisfy the fourth prong of the prima facie case. Specifically, he has not alleged any facts that his rejection occurred "under circumstances that raise an inference of discriminatory action."

### b. <u>Asking "Where Did You Come From, Where Did You Grow Up?" Is Not Discriminatory</u>

Mr. Alston alleges that he was asked the question, "Where did you come from, where did you grow up?" because his interviewers "sought to judge Plaintiff on racial stereotypes." <u>See</u> Complaint, Par. 43c. Further, Mr. Alston states that his "resume clearly stated that he was from Philadelphia, but did not specify which part of the city." <u>Id</u>. A review of his resume, however, reveals a different story.[2] Mr. Alston's resume clearly gives his street address in Philadelphia. <u>See</u> Exhibit A. As such, Mr. Alston already had specified which part of the city he was living in well before his interviews. His belief that this question was asked during his second in-person interview to somehow learn some new bit of information in order to exclude him is baseless.

Further, a review of Mr. Alston's resume shows why such a question was asked. While Mr. Alston may have been living in Philadelphia at the time of his interview, he also listed on his resume that he had teaching credentials in California since 1997, a bachelor's degree from

---

[2] While Mr. Alston does not attach his resume to his Complaint, he relies on it in this key allegation. As such, it is appropriate for this Court to review the document, even at the motion to dismiss stage of proceedings. "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.... However, an exception to the general rule is that a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997). See also <u>In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig.</u>, 7 F.3d 357, 368 (3d Cir. 1993) (quoting <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.")). Accordingly, Mr. Alston's resume is attached hereto as Exhibit A.

Princeton (in New Jersey), a Master's Degree from University of California-Berkeley, and employment with companies from Massachusetts, Texas, Washington, California and Pennsylvania. See Exhibit A. Mr. Alston's resume alone does not answer where he grew up or where he was from. Ties to at least six states are highlighted. Hence, the interview question. The question did not have any of the racially-biased undertones that Mr. Alston alleges, but, instead, was asked to get a better sense of Mr. Alston as a person and his background – the very purpose of a job interview.

Finally, this question is clearly job-related. Mr. Alston was applying to work for the Montgomery County District Attorney's Office. As such, he would be handling matters that arose throughout Montgomery County. In such a situation, it is reasonable to try to ascertain if a candidate has any connection to Montgomery County or if they just found a job posting on-line and decided to apply without any knowledge of the County or any real interest in being a part of the Montgomery County community. Knowledge of the County and surrounding areas, while not required, would likely be helpful in the position, making the question relevant to the job.

While Mr. Alston alleges that the question was asked to try to determine what part of Philadelphia he was from, there is simply no way of knowing whether Mr. Alston was from Philadelphia at all. Instead, asking a person where they grew up could yield a host of answers, negating Mr. Alston's belief that the question was designed to garner certain information that could be used to discriminate against him. In fact, Mr. Alston has alleged no facts to connect this question with the decision not to offer him a position.[3]

---

[3] This is in stark contrast to Mr. Alston's claims against the Chester County Defendants, in which he includes in his allegations four pages of specific details about his interviews with the Chester County District Attorney's Office, including that interviewers laughed at his responses to certain questions, paused for long periods of time to make him uncomfortable and that he was later denied interviews for other legal positions. See Complaint at Par. 54, 58-59.

As such, Mr. Alston's racial discrimination claims against the Montgomery County Defendants must be dismissed.

### c. Asking a Candidate "Did You Pass the Bar Exam on Your First Attempt?" Is Not Discriminatory

The only other fact Mr. Alston alleges to try to buttress his racial discrimination claim is that during the second interview for the position he was asked, "Did you pass the bar exam on your first attempt?" See Complaint Par. 43a. Mr. Alston alleges that this question, "has a dramatically disparate impact on African-American applicants as set forth in the statistical evidence below." Id. The "statistical evidence" he references are a pair of news articles on bar passage rates, not scientific studies. See Complaint at Par. 61-62.

Mr. Alston also includes the conclusory allegation that the question at issue was "improper because it is inconsistent with EEOC guidance in Section 15 – Race and Color Discrimination." See Complaint Par. 63. Of course, he fails to include the proper link to the EEOC guidance he is referencing.[4]

Once again, this question is job related. Mr. Alston's resume stated that he was licensed to practice law in Pennsylvania, meaning he had passed the bar exam. While Mr. Alston believes any inquiries about the bar exam should end there, that is not how interviews work. Instead, they are an opportunity to get to know things beyond who has the bare minimum qualifications. When Mr. Alston indicates that he had just recently passed the bar exam despite graduating from

---

[4] It is believed that Mr. Alston was referring to Section 15 of the EEOC's Compliance Manual, which is found at https://www.eeoc.gov/laws/guidance/section-15-race-and-color-discrimination#VIA4. That manual has no example on point with this case and includes a clear disclaimer that reads, "The contents of this document do not have the force and effect of law and are not meant to bind the public in any way. This document is intended only to provide clarity to the public regarding existing requirements under the law or agency policies."

law school several years earlier, the question of whether he passed the bar exam on his first attempt is relevant.

It must be reiterated that this was a **second interview**.  The Montgomery County Defendants were not simply looking for a reason to disqualify Mr. Alston.  If they were, one would think that would occur in a first interview.  Quite simply, there are no "circumstances that raise an inference of discriminatory action."

In short, the two allegedly improper questions, with no additional facts plead, "do not permit the court to infer more than the mere possibility of misconduct" under Iqbal.  As such, Plaintiff's race discrimination claims against the Montgomery County Defendants must be dismissed.

### B. *Mr. Alston's Age Discrimination Claims Against the Montgomery County Defendants Must Be Dismissed Where the Only Allegation He Makes Is A Question About When He Graduated Law School.*

"To plead a claim for age discrimination, a Plaintiff must allege sufficient facts to plausibly demonstrate that: (1) she is 40 years or older; (2) she experienced an adverse employment action; (3) she was qualified for the position in question; and (4) circumstances giving rise to an inference of discrimination accompanied the failure to hire her." Roberts v. Mercy Cath. Med. Ctr., No. CV 16-1894, 2017 WL 11779427, at *5 (E.D. Pa. July 31, 2017).

Here, Mr. Alston has alleged that he is 40 years of age or older and that he was not hired, which for purposes of this matter, would constitute an adverse employment action.  Mr. Alston has also alleged that he "met the stated qualifications." Complaint at Par. 35.  It is the fourth prong of the prima facie case where Mr. Alston's case fails, as there are no circumstances that give rise to an inference of discrimination.

The only allegations Mr. Alston includes to attempt to show "circumstances giving rise to an inference of discrimination" were the three interview questions alleged in Paragraph 43. Of those three allegedly improper questions, only a single question related in any way to his age was the question: "When did you graduate from law school?" Mr. Alston alleges that this question, "was an attempt to infer Plaintiff's age unlawfully." See Complaint, Par. 43b. That question alone does not create circumstances giving rise to an inference of discrimination.

Mr. Alston is ignoring several key facts. First, the date someone graduated from law school, unlike a high school graduation date, is not indicative of a person's age, as people can graduate from law school at any age. If Mr. Alston had stated that he had just graduated from law school, what information would that have provided to garner his age? It would have given no information about age at all. If Mr. Alston had answered that he had graduated from law school ten years prior, in 2013, there is still no information gained about his age. If Mr. Alston had answered that he had graduated from law school twenty years prior, in 2003, that answer still would still not provide his age. There is simply no way that an answer to that question could have provided any indication that Mr. Alston was 59-years-old at the time of the interview, as alleged in the Complaint. Any contention that such a question was the key to unlocking the age of Mr. Alston is implausible. See Iqbal, supra.

Further, it is worth noting that this question was not asked on a job application. Instead, Mr. Alston alleges he was asked this question during his second in-person interview. Therefore, if there was a desire to infer Mr. Alston's age, the interviewer could simply look across the table.

Given the facts at play here, the question was certainly job-related. Mr. Alston's resume stated he was a licensed attorney in Pennsylvania, yet he had not held any full-time jobs as an attorney. See Exhibit A. Given that persons who had graduated in May 2023 would have just

taken the bar exam in July 2023 and not had their results yet, it was safe to assume that Mr. Alston had graduated in December 2022, or earlier, based on the information that Mr. Alston provided. As such, it is certainly reasonable to ask when he finished law school, as it opens the door to additional questions regarding his suitability for the position. If he had finished law school many years prior, there is an obvious question as to why there were no full-time attorney positions on his resume and what he had done to keep up with his legal training. If he had finished law school two years prior, one would naturally ask why he took a non-legal job just 5 months prior to the interview in question and what he was doing to keep his legal skills sharp in the intervening time. If he had graduated in December 2022, there is also the question of why he left his two paralegal jobs in December 2022 to become a "sanctions investigator" for an insurance company and whether that new position was utilizing his attorney skills.

Finally, Mr. Alston has not alleged any facts to demonstrate that any decisionmaker based their decision in any way upon his age. Instead, he has alleged only a single question that he believes allows an interviewer to infer his age. As explained more fully above, that single question provides no insight into Mr. Alston's age. The Complaint does not state facts sufficient to demonstrate a plausible claim of age discrimination.

## V.    <u>CONCLUSION</u>

For all the foregoing reasons, the Montgomery County Defendants respectfully request this

Honorable Court to dismiss all claims against them with prejudice.

Respectfully submitted,

MONTGOMERY COUNTY SOLICITOR'S OFFICE

*/s/ Jeffrey S. Stewart*
Jeffrey S. Stewart, Esquire
Philip W. Newcomer, Esq.
One Montgomery Plaza, Suite 800
P.O. Box 311
Norristown, PA  19404-0311
610-278-3033

Attorneys for Defendants,
Montgomery County Office of the District Attorney, Kevin R. Steele and Edward F. McCann, Jr.

Dated: July 10, 2026