# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alson C. Alston, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:26-cv-2634 |
| vs. | : | |
| | : | |
| Montgomery County Office of the District Attorney, et al | : | |
| | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2026, upon consideration of the Motion to Dismiss Complaint of Alson C. Alston (Doc. 1) against Chester County, Pennsylvania, Chester County Office of the District Attorney, Deborah S. Ryan, Christopher de Barrena-Sarobe and David M. Sassa pursuant to Federal Rule of Civil Procedure 12(b)(6) Plaintiff's response thereto, and the Briefs filed by all parties, it is hereby:

**ORDERED** that the Motion to Dismiss Complaint of Alson C. Alston of Defendants; Chester County, Pennsylvania, Chester County Office of the District Attorney, Deborah S. Ryan, Christopher de Barrena-Sarobe and David M. Sassa pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED** and Plaintiff's is **DISMISSED WITH PREJUDICE** as to the Chester County Defendants.

**BY THE COURT:**

_____

, **J.**

| | | |
|---|---|---|
| Alson C. Alston, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  2:26-cv-2634 |
| vs. | : | |
| | : | |
| Montgomery County Office of The | ; | |
| District Attorney, *et al.* | : | |
| | : | |
| Defendants | : | |

**MOTION TO DISMISS COMPLAINT OF ALSON C. ALSTON OF DEFENDANTS, COUNTY OF CHESTER, CHESTER COUNTY OFFICE OF THE DISTRICT ATTORNEY, DEBORAH S. RYAN, CHRISTOPHER DE BARRENA-SAROBE AND DAVID SASSA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).**

Defendants, County of Chester, Chester County Office of the District Attorney, Deborah S. Ryan, Christopher de Barrena-Sarobe and David M. Sassa ("the Chester County Defendants") by and through their attorneys, Lamb McErlane PC, hereby move this Court to dismiss the Complaint of Alson C. Alston (Doc. 1) because 1) the individual defendants are protected by qualified immunity, and; 2) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The reasons supporting this Motion are set forth in the accompanying Brief.

Respectfully submitted,

**LAMB McERLANE PC**

Dated: July 13, 2026 By: */s/ Steve E. Jarmon*
Steve E. Jarmon
Attorney ID No. 200600
24 E. Market Street
West Chester, PA 19381
sjarmon@lambmcerlane.com
610-430-8000
*Counsel for the Chester County Defendants*

| | | |
|---|---|---|
| ALSON C. ALSTON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  2:26-cv-2634 |
| vs. | : | |
| | : | |
| MONTGOMERY COUNTY OFFICE | : | |
| OF THE DISTRICT ATTORNEY, *et al.* | : | |
| | : | |
| Defendants | : | |

**BRIEF IN SUPPORT MOTION TO DISMISS OF DEFENDANTS, COUNTY OF
CHESTER, CHESTER COUNTY OFFICE OF THE DISTRICT ATTORNEY,
DEBORAH S. RYAN, CHRISTOPHER DE BARRENA-SAROBE AND DAVID M.
<u>SASSA, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

Defendants, County of Chester, Chester County Office of the District Attorney, Deborah

S. Ryan, Christopher de Barrena-Sarobe and David M. Sassa ("the Chester County Defendants"),

by and through their attorneys, Lamb McErlane PC, hereby file the instant Brief in support of their

Motion to dismiss Complaint of Alson C. Alston (Doc. 1) pursuant to the doctrine of qualified

immunity and  Federal Rule of Civil Procedure 12(b)(6).

**I.**     **<u>STATEMENT OF THE CASE</u>**

Plaintiff, Alson C. Alston has filed a *pro se* Complaint ("the Complaint") against eight

defendants, consisting of two separate municipal entities, elected governmental officials and

government employees.  Included in the Complaint are moving defendants County of Chester,

Chester County Office of the District Attorney, Deborah S. Ryan, the former District Attorney of

Chester County, Christopher de Barrena-Sarobe, the current District Attorney of Chester County

and David M. Sassa, the current Chief of the Chester County Detectives.

A fair narrative summary of the allegations against The Chester County Defendants is as

follows.  As it relates to The Chester County District Attorney's Office, Deborah S. Ryan and

David M. Sassa it is alleged by the plaintiff, who is a 59-year-old African American male, that in the interview he had with the office on October 3, 2023, he was asked race neutral questions and age neutral questions that he believed were designed to highlight outsider status as an African American male and as an individual who is above the age of 40. (Complaint para 54). None of the alleged questions, comments or interactions infer that that any decision which may have been made was based in any way on discriminatory motivation. As it relates to his claims against Chester County, Plaintiff alleges that he had applied for a position with the Chester County Public Defender's Office and was informed on October 19, 2023 that he would not be interviewed. He claims that he was denied interviews and a position due to his race and age (Complaint paras. 58, 59, 60).

## II. ARGUMENT

### A. Standard of Review – Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a case if the plaintiff "fails[s] to state a claim upon which relief can be granted." In order to survive a motion to dismiss under Rule 12(b)(6), a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

To withstand a motion to dismiss, the allegations in the complaint must be enough to raise the right to relief beyond the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Federal Rule of Civil Procedure 8(a), a plaintiff must plead facts sufficient to satisfy each element required for a recovery under each of its claims. Though the complaint need not contain detailed factual allegations, it must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do..." *Id.* In other words, a

complaint must contain "enough factual matter (taken as true) to suggest" the elements of the claims asserted. *Id*. at 234 (quoting *Twombly*, 127 S.Ct. at 1965); cf. 5 C. Wright & A. Miller, Federal Practice and Procedure section 1216, 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.") (quoted in *Twombly*, 127 S.Ct. at 1965). The United States Supreme Court has stated that the pleaded factual content should allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (*citing Twombly*, 550 U.S. at 556).

Plaintiff's Complaint fails to withstand scrutiny under these standards and must be dismissed.

### B. **Plaintiff's Title VII and ADEA claims must be dismissed.**

As a matter of law, Plaintiff's claims are time barred against The Chester County Defendants and must be dismissed. In order to maintain a Title VII or ADEA claim "an aggrieved employee is required to file suit within (90) days after receipt of notice of right to sue from the Equal Employment Opportunity Commission." *Luckett v. Herbster-Hewllweg Painting,* 2008 WL 2620894 at 1 (E.D. Mo. June 27, 2008) citing 42 U.S.C. § 2000e-5(f)(1). Even though he is acting pro se, Plaintiff is still obligated to follow the same procedural rules as attorneys. *Id.* citing *Lindstedt v. City of Granby,* 238 F.3d 933, 937 (8th Cir. 1989). Thus, if a plaintiff fails to file suit within 90 days after the receipt of the right to sue letter, his claims under Title VII and the ADA are time-barred. *Id. See also Murphy v. St. Louis Univ.,* 2010 U.S. Dist. LEXIS 47254 (E.D. Mo. May 13, 2010) dismissing a *pro se* plaintiff's Title VII and ADA claims as time barred).

The 90 day period for filing suit under Title VII or the ADEA begins to run on the day the right to sue letter is received at the most recent address that the plaintiff has provided the EEOC.

3

*Hill,* 869 F.2d at 1124. "A presumption exists that the notice was received three days after its mailing."*Rich v. Bob Downes Chrysler Plymouth,* 831 F. Supp. 733, 735 (E.D. Mo. 1993) (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148, n.1 (1984). The EEOC's notice of right to sue informs plaintiffs that they must file their lawsuit in federal or state court "within ninety Days" of receipt of the notice or their right to sue will be lost. Courts strictly construe this filing restriction. *See Baldwin*, 466 U.S. at 152, holding that dismissal was appropriate where a plaintiff filed papers with the court 96 days after receiving a right to sue letter.

Here Plaintiff filed his complaint against The Chester County Defendants on April 21, 2026. While Plaintiff does not state anywhere in his complaint when he received the Right to Sue Notice as to The Chester County Defendants, the EEOC issued the Right to Sue letter on August 25, 2025. (Notice is Attached herein) Plaintiff filed the instant suit nearly eight months after the EEOC mailed out their notice.

### C. **Plaintiff's Section 1983 claim must be dismissed.**

Plaintiff's Section 1983 claim fails for the same reason that his Title VII and ADEA claims fail. The alleged discriminatory conduct by the Chester County Defendants Plaintiff asserts occurred no later than October 19, 2023 when he was informed that he would not be considered for a position with Chester County. Plaintiff did not file this suit until April 21, 2026, which was more than six months after the two-year statute of limitations had expired. Because the clear dates supporting this defense are undeniable upon a fair reading of the Complaint, dismissal on this principal is sound.

"The length for the statute of limitations for a §1983 claim is governed by the personal injury tort law of the state where the cause of action arose." *Kach v. Hose,* 589 F.3d 626, 634

4

(3rd Cir. 2009) (citing *Wallace v. Kato,* 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years. 42 Pa. Cons.Stat. § 5524(2)" *Id,* 589 F.3d 626, 634 (3rd Circ. 2009). Plaintiff was well beyond the statute of limitations at the time of this filing.

Under these standards, Plaintiff fails to meet the required pleading standard and thus, the Complaint and the claims against the Chester County Defendants should be dismissed, with prejudice, for failure to state a claim.

### D. The Chester County Defendants are Entitled to Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Id*. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567, (2004) (KENNEDY, J., dissenting) (*quoting Butz v. Economou*, 438 U.S. 478, 507 (1978), for the proposition that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law.").

Qualified immunity absolves defendants from liability and from the burdens of defending this suit if Defendants can show that a reasonable official, with the information they possessed at the time, could have believed that their conduct was lawful in light of the law relating to an individual's rights was clearly established on or before they engaged in the conduct complained

of. *Anderson v. Creighton*, 483 U.S. 635 (1987). In order for a right to be "clearly established," the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. at 640. While "[t]his is not to say that an official's action is protected by qualified immunity unless the very action in question has previously been held unlawful, it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Id*. (citations omitted). *See also Lamont v. New Jersey*, 637 F.3d 177, 182 (3d Cir. 2011) (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

As to the plaintiff's claims that defendants Ryan and Sassa asked questions that were discriminatory, there are no allegations to substantiate that claim. For example, Plaintiff asserts that Defendant Ryan inquiring into his ties to Chester County was designed to make him feel like he was outsider because of his race. District Attorneys serve their respective communities as the top law enforcement official. While living in a county in which you are a prosecutor is not a prerequisite to serving, it would clearly be an asset to have ties to the community in which you intend to serve. A prosecutor with ties to Chester County would be more likely to receive the trust of the community for which they would have great power over. Prosecutors often make decision on when to charge, who to charge and how to charge and often make decision on the punishment that an offender should receive. Someone from the community would be more likely to understand the community.

Additionally, Plaintiff claims, without factual support, that certain questions (his year of law school graduation, for example) posed by Defendants Ryan and Sassa were designed to elicit the age of Plaintiff. Again, a prosecutorial job is one of public service and public trust. Knowing the experience and qualifications of a person is perfectly legitimate avenue of inquiry.

Finally, because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The qualified immunity issue should be addressed "at the earliest possible stage of litigation," *Katz*, 533 U.S. at 201(quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)); it is "an entitlement not to stand trial or face the other burdens of litigation," *Id*. at 200 (quoting *Mitchell v. Forsyth*, 472 U.S.511, 526 (1985)).

None of the rights Plaintiff claimed were violated during his interview were "clearly established". Nor were the contours of those rights sufficiently clear that The Chester County Defendants would understand that the interview interaction could have violated those right. Thus, for all of the reasons set forth herein, Defendants are entitled to qualified immunity from suit on all of Plaintiff's claims.

## III.  **CONCLUSION**

For all of the foregoing reasons, the County of Chester, The District Attorney's Office of Chester County, Deborah S. Ryan, Christopher de Barrena-Sarobe and David M Sassa, respectfully request that Plaintiff's Complaint be dismissed in its entirety and with prejudice.

Respectfully submitted,

**LAMB McERLANE PC**

Dated: July 13, 2026

By:  */s/ Steve E. Jarmon*
Steve E. Jarmon
Attorney ID No. 200600
24 E. Market Street
West Chester, PA 19381
sjarmon@lambmcerlane.com
610-430-8000

*Counsel for the Chester County Defendants*

7

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALSON C. ALSTON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:26-cv-2634 |
| vs. | : | |
| | : | |
| MONTGOMERY COUNTY OFFICE | : | |
| OF THE DISTRICT ATTORNEY *et al,* | : | |
| Defendants | : | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that in this case complete copy of the foregoing Motion to Dismiss Plaintiff's Complaint as to Defendants of County of Chester has been filed electronically and is available for viewing and downloading from the ECF system.

Respectfully submitted,

**LAMB McERLANE PC**

Dated: July 13, 2026      By:    */s/ Steve E. Jarmon*
Guy A. Donatelli
Attorney ID No. 44205
Steve E. Jarmon
 Attorney ID No.  200600
24 E. Market Street
West Chester, PA 19381
sjarmon@lambmcerlane.com
610-430-8000